**National Recovery Systems v. Goldsmith**

*Melvin M. Rubin*, for plaintiff.
*Robert G. Rosen*, for defendant.

KLEIN, C., *J.*, April 30, 1980—On January 29, 1980, plaintiff filed a complaint in assumpsit in which it averred defendant borrowed $5500 from plaintiff's assignor, which sum he has refused to repay.

Defendant filed preliminary objections in the nature of a demurrer, a motion for a more specific complaint and a motion to strike for lack of capacity to sue.

The answer filed by plaintiff to the preliminary objections is a terse "All of the allegations of the preliminary objections are denied." An answer of this kind clearly fails to comply with Pa.R.C.P. 1029(a) and (b):

"(a) A responsive pleading shall admit or deny the averments of fact in the preceding pleading or part thereof to which it is responsive. Admissions and denials in a responsive pleading shall refer specifically to the paragraph in which the averment admitted or denied is set forth.

"(b) Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof, . . . shall have the effect of an admission."

Accordingly we enter the following

### ORDER

And now, April 30, 1980, defendant's preliminary objections are sustained. Plaintiff is granted leave to file, within 20 days of the date hereof, an amended answer to preliminary objections, or, in the alternative, an amended complaint, or suffer a judgment of non pros.